UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.   05-553M |
| v. | ) | |
| ISAI HERNANDEZ, | ) | DETENTION ORDER |
| Defendant. | ) | |

Offenses charged:

    Count 1:    Conspiracy in Relation to Cocaine and Methamphetamine, in violation of, Title 21, U.S.C., Section 846 and 841(b)(1)(A);

    Count 22:    Money Laundering, in violation of Title 18, U.S.C., 1956(a)(1)(A), (a)(1)(B)(I), (a)(1)(B)(ii) and 2.

Date of Detention Hearing:   November 28, 2005.

    The Court conducted both a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f) and a preliminary Rule 5©(3) inquiry. The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court of the District of Alaska to answer the charges. Moreover, based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition

or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Todd Greenberg. The defendant was represented by Raul Mendez.

The Government urges the court to detain the defendant, stating that the drug conspiracy involves wiretaps which further corroborate the strength of the evidence in the instant offense. The wiretaps identified the defendant as the supplier of cocaine to the drug organization. The drug organization focused on transporting drugs from Seattle to Alaska and is relevant as it poses a risk of flight. Intercepted calls revealed discussion between defendant and co-defendant Carlos Rainey, where the defendant planned to travel to Alaska to smuggle money owed to him from Alaska to Seattle, further supporting the argument of defendant's risk of flight.

The Government states the defendant poses a danger to the community. A search of the defendant's home revealed a marijuana grow organization in the house where 93 plants were found along with approximately 400 grams of cocaine. Also found was approximately $5400.00 cash and five 9-mm bullets and a holster for a handgun.

An Immigrations Customs Enforcement ("ICE") report revealed that on April 13, 2003, the defendant was the subject of traffic stop at the Canadian border to Seattle. A canine search of the van revealed a hidden compartment containing $9700.00 in cash packaged with dryer sheets, known to mask the odor of drugs.

Declarations submitted by family members tend to indicated defendant has long history of employment yet defendant indicates unemployment for a year and sporatic employment before that. Defendant has no ties to Alaska to overcome presumption.

Defense counsel asserts that no other agent is claiming that the defendant was in fact the person stopped in April at the Canadian border. Prior court services investigation of a criminal records check does not include the border stop in question.

Defendant is only charged with 2 of the 22 counts. One of the defendants with nine counts has been paroled by this court.. He has significant ties to community. He can live with relatives with no contact as ordered. Defendant is willing to submit to electronic monitoring

The house that was searched contained 2 residences. One of the residents being a Mr. Martinez who was arrested at the same time as defendant at the residence. Mr. Hernandez has not admitted the things that were found in the house were his. He has strong ties to the community. His family is willing to provide money for transportation for appearances.

On the issue of employment, defense asserts that he does sporatic work in construction, family members confirm the same and that defendant worked in a restaurant as indicated.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the drug offense. The penalty for the instant offence is in ten years to life. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons given the nature of the offense, and his alleged role in the offense. He appears not to have stable employment despite his length of residence in this district. His income sources appear to come from illegal proceeds. Evidence of his role to conceal discovery of the drugs is highly probative of whether he poses a risk of danger to the community.

(3) Based upon the foregoing information which is consistent with the

recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 30th day of November, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-